## SHIPMANS & Co. vs. ARCHINARD.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT FOR THE PARISH OF RAPIDES, THE PARISH JUDGE PRESIDING.

WESTERN DIS.
October, 1841.

SHIPMANS & CO.
vs.
ARCHINARD.

The guarantor of a note is a competent witness on the part of the maker, in a suit by the endorsee against the latter; for it is the interest of the witness, that the plaintiff should recover, and he is called upon to testify against his own interest.

So where plaintiffs received the note sued on *after maturity*, the defendant may produce in evidence the letter of the payees and original holders, to show, that the suit was premature, and that *a certain time* had been allowed for payment.

This is an action against the maker and endorsers of a promissory note; the endorsers, W. P. & T. Hickman, "guarantying the payment of said note, and waiving demand, protest and notice."

The defendant, Archinard, admitted the execution of the note, but averred the plaintiffs had no right to sue, and that the suit was premature; the payees and holders agreeing after it became due, and before its transfer, to wait *a certain time for payment.* That they had transferred the note in violation of said agreement, to the knowledge of the transferees, the present plaintiffs.

Interrogatories were propounded touching the defence; but on the trial evidence and a witness to prove the defence, were rejected and a bill of exceptions taken.

There was judgment against all the parties to the note *in solido*, and Archinard, the maker, alone appealed.

*O. N. Ogden*, for the plaintiffs.

*Dunbar & Hyams*, for the defendant.

*Martin, J.* delivered the opinion of the court.

The defendant and appellant has placed this case before us on a bill of exceptions to the rejection of the testimony of William P. Hickman, and of a letter from W.P. & T.Hickman, the

WESTERN DIS.
October, 1841.

SHIPMANS & CO.
vs.
ARCHINARD.

payees of the note sued on, to the defendant, the maker. The witness was offered to prove, that the suit was premature; he had guaranteed the payment of the note to the plaintiffs; the endorsees, who had received it after its maturity; and the judge informs us, he was rejected on the following ground: "That a person or persons, who had guaranteed and secured absolutely the payment of an obligation, the tenor of which showed it to be due and exigible, cannot be permitted to come into court and show by their testimony, that the action is premature."

The plaintiff and appellee has drawn our attention in support of the opinion of the first judge to the case of Lesassier, curator, vs. Hurtzel et al., 8 Martin, N. S., 265, in which the defendant, to support the plea of novation, offered as a witness his surety, who had become the principal debtor in the obligation sued on; which had wrought the novation of the first. We were of opinion, that the lower court had not erred in rejecting him, because "if it were true, that he engaged to pay the debt of the principal, then it follows, that he was interested to defeat this action; because the principal, if condemned, would have a right to call on the witness for the debt and the costs incurred by the failure of the latter to discharge the obligation." In that case it was the interest of the surety to protect Hurtzel and defeat the plaintiff's action. In this action it is the interest of Hickman, the witness, to support the plaintiff's claim, and to have the defendant, his principal, condemned; for an effectual recovery by the plaintiff would annihilate the witness's obligation as a guarantor. This case is the converse of that relied on by the present plaintiff. In the one, the discharge of the defendant would give him a claim against the witness; in the other, the success of the defendant would leave the witness liable to an action, which would be destroyed by the plaintiff's effectual recovery. The witness therefore was, in our opinion, improperly rejected, as he was called upon to testify against his own interest. 4 M. R., 472; 4 Martin, N. S., 172. The bill of exceptions is silent as to the reasons which influenced the court in the rejection of the letter. The

*The guarantor of a note is a competent witness on the part of the maker, in a suit by the endorsee against the latter; for it is the interest of the witness, that the plaintiff should recover, and he is called upon to testify against his own interest.*

plaintiff had received the note after its maturity; the maker therefore was entitled to every equitable defence, which he might have opposed to the payees, whose letter was offered as evidence of an obligation, which the defendant contended, they had incurred, to forbear sueing him. It ought for these reasons to have been received.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, as well as the interlocutory judgment overruling the defendant's exception to the prematurity of the suit; all proceedings between the interlocutory and final judgments set aside; and the case remanded for a new trial upon the exception, with directions to the District Court, to admit the testimony of W. P. Hickman and the letter of W. P. & T. Hickman: the plaintiff and appellee paying the costs of the appeal.

*WESTERN DIS.*
*October, 1841.*

BROWN'S
EXECUTORS
*vs.*
COPLEY &
JESSUP.

So where plaintiffs resued on the note *after maturity,* the defendant may produce in evidence the letter of the payees and original holders, to show that the suit was premature, and that *a certain time* had been allowed for payment.